UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Carmen Parks,

    Plaintiff,

v.                                              Case No. 19-13007

Navient Solutions, Inc.,              Sean F. Cox
                                                   United States District Court Judge

    Defendant.
_____/

**ORDER GRANTING MOTION TO STAY (ECF No. 13) AND MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS (ECF No. 18); AND STAYING THIS CASE**

Plaintiff sued a student-loan debt servicer under the Telephone Consumer Protection Act ("TCPA") for "robo-calling" her. The servicer now moves to stay this action pending the United States Supreme Court's decision in a case concerning the constitutionality of the TCPA's "government-debt" exception at its relationship to the rest of that statute. Because the Court concludes that oral argument will not aid its decisional process, the motion will be decided on the parties' briefing. E.D. Mich. LR 7.1(f)(2). For the reasons below, the Court will grant this motion and stay this case, including the parties' discovery obligations, until the Supreme Court issues the relevant opinion.

**BACKGROUND**

The alleged facts of this case are straightforward. Defendant Navient Solutions, LLC, repeatedly called Plaintiff Carmen Parks on her cell phone. Compl. ¶ 12. Parks alleges that these calls were made "using an automatic telephone dialing system and automatic and/or pre-recorded

1

messages." *Id*. at ¶ 13. She thinks that an automatic telephone dialing system ("ATDS") was used because "she would routinely encounter a noticeable delay or pause prior to speaking with one of Defendant's callers." *Id*. at ¶ 14. "Desiring to stop Defendant's incessant calling, Plaintiff spoke to [D]efendant shortly after the calls commenced, and insisted that Defendant stop calling her." *Id*. at ¶ 16. But the robo-calls continued. *Id*. at ¶ 17-19.

On October 14, 2019, Parks filed her one-count complaint against Navient. In her only count, Parks alleges that Navient's robo-calls violated the TCPA, which prohibits "placing calls to a cellular telephone using an [ATDS] or automatically generated or prerecorded voice unless otherwise expressly permitted by law." Compl. ¶ 22 (citing 47 U.S.C. § 227(b)(1)(A)(iii)).

On December 19, 2019, Navient filed its answer to Parks's Complaint. (ECF No. 9). As one of its affirmative offenses, Navient alleged that "Plaintiff's claims are barred, in whole or in part, to the extent all or any of the calls at issue were made to collect a debt owed to or guaranteed by the United States." (ECF No. 9, PageID 32).

On January 15, 2020, the parties appeared before the Court for a scheduling conference. Discovery was set to close on May 15, 2020.

On April 3, 2020, Navient filed this pending motion to stay this case until after the Supreme Court issues its decision in *Barr v. Am. Ass'n of Political Consultants, Inc*., Docket No. 19-631. On April 16, 2020, Parks filed a response, opposing this motion. (ECF No. 16). Navient filed a reply and (at the Court's direction) a sur-reply indicating that the Supreme Court heard oral argument in *Barr* on May 6, 2020. (ECF No. 22, PageID 175).

On April 22, 2020, Navient filed a motion for an extension of time to respond to Parks's discovery requests. (ECF No. 18). Generally, this motion mirrors the logic of the motion to stay and seeks to delay Navient's response until after the *Barr* opinion issues.

## ANALYSIS

### I.     The TCPA and its "Government-Debt Exception"

The TCPA prohibits anyone from using an ATDS to call a cell phone. *See* 27 U.S.C. § 227(b)(1)(A)(iii). However, the same provision that prohibits this conduct also provides for an exception. An ATDS may be used if the "call is made solely to collect a debt owed to or guaranteed by the United States." *Id*.

Recently, this so-called "government-debt exception" has been scrutinized by the courts. Both the Fourth Circuit and Ninth Circuit have found that the government-debt exception is an "unconstitutional content-based speech restriction under the First Amendment of the United States Constitution." *Am. Ass'n. of Political Consultants, Inc. v. FCC*, 923 F.3d 159, 170 (4th Cir. 2019); *Duguid v. Facebook, Inc.*, 926 F3d 1146, 1156 (9th Cir. 2019). Instead of striking down the entire TCPA, however, these courts determined that the government-debt exception could be severed from the remainder of that statute, which could then remain in force. *Political Consultants*, 923 F.3d at 171; *Duguid*, 926 F.3d at 1156.

On January 10, 2020, the Supreme Court granted certiorari in *Barr v. Am. Ass'n. of Political Consultants Inc.,* Docket No. 19-631, to resolve the following issues:

> Whether the government-debt exception of the Telephone Consumer Protection Act of 1991's automated-call restriction violates the First Amendment, and whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute.

3

The Supreme Court heard oral argument in *Barr* on May 6, 2020. The Supreme Court's term ends on June 29, 2020, and an opinion is expected before that date.

## II. The Motion to Stay

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To determine whether to stay proceedings pending "another case's imminent disposition," the Court considers four factors: "[1] the potential dispositive effect of the other case, [2] judicial economy achieved by awaiting adjudication of the other case, [3] the public welfare, and [4] the relative hardships to the parties created by withholding judgment." *Caspar v. Snyder*, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015).

Considering these factors, the Court concludes that a stay is appropriate. First, Barr could be dispositive of this case. If the Supreme Court concludes that the government-debt exception is constitutional, and if the facts of this case warrant the application of the government-debt exception, then Parks's case would seem to be barred. If the Supreme Court concludes that the government-debt exception is unconstitutional and inseverable, then Parks's case under the TCPA cannot proceed. And if the Supreme Court concludes that the government-debt exception is unconstitutional but severable, then Navient would lose an affirmative defense.[1] In any event, the *Barr* decision will likely have a material affect on the outcome of this case.

---

[1] To be clear, the Court is not opining on the applicability or non-applicability of the government-debt exception to the facts of this case.

Second, judicial economy would be served by a stay. As explained above, *Barr* could dispose of this case. At the very least, *Barr* will clarify material aspects of this case and the parties' dispute.

Third, there is no indication that waiting would harm the public welfare.

Fourth, any hardship inflicted on Parks would be mitigated by its temporary nature. At most, this case will be stayed for a month. It's more likely to be stayed for days or a few weeks.

Moreover, the Court notes that many other federal district courts have stayed similar cases in anticipation of the *Barr* opinion. *See* Def.'s Mot. to Stay, 6-7 (ECF No. 57, PageID 56-57).

### III. Motion for Extension of Time to Respond to Plaintiff's Discovery Requests

This motion largely mirrors the logic of the motion to stay. Because the Court will grant the motion to stay, it is prudent to also delay the parties' discovery obligations until after the *Barr* opinion issues. Such a delay would allow the parties to focus on relevant issues, rather than issues that may become irrelevant depending on how *Barr* is decided.

### CONCLUSION

For the reasons above, the Court **GRANTS** the Motion to Stay (ECF No. 13) and the Motion for Extension (ECF No. 18). This case is **STAYED**. Defendant is **ORDERED** to notify the Court when the Supreme Court issues its decision in *Barr*. At that time, the Court will schedule a status conference to determine how this case will proceed.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 18, 2020

5